IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZO ESTABON THOMAS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3456 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

# MEMORANDUM OPINION AND ORDER

Lorenzo Estabon Thomas, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. §2254 challenging his prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 17), to which petitioner responded (Docket Entry No. 20).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case.

*Procedural Background*

On April 10, 2008, petitioner was convicted of the prison disciplinary offense of possession of tobacco products, and punished with loss of commissary privileges, cell restrictions, solitary confinement, a line class reduction, and loss of 730 days good time credit. Disciplinary Hearing Record, p. 1. Petitioner's administrative appeals of the conviction were denied.

Petitioner challenges this disciplinary conviction under the following habeas grounds:

(1) prison officials conspired with another inmate to convict petitioner;

(2) the evidence is insufficient to support the conviction; and

(3) petitioner's confession to the infraction was coerced.

Respondent argues that these grounds are unexhausted and thus procedurally barred pursuant to 28 U.S.C. § 2254. Respondent further argues that, regardless, petitioner's claims are without merit because he has no protected liberty interest arising from the disciplinary conviction.

### *The Applicable Legal Standard*

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the district court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

### *Failure to Exhaust*

Respondent argues that petitioner failed to exhaust his administrative remedies regarding his instant habeas grounds. The Fifth Circuit has long recognized that an inmate

challenging a prison disciplinary conviction must exhaust his administrative remedies before seeking federal habeas relief. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).

The Texas state prison system has a two step grievance process for appealing disciplinary convictions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Step one of the grievance appeal process is submitted to the unit grievance investigator. *Id.* If an inmate is not satisfied with the step one response, he may then submit a step two grievance appeal. *Id.* An inmate "must pursue a grievance through both steps for it to be considered exhausted." *Id.*

Respondent correctly asserts that petitioner's habeas grounds are unexhausted and procedurally barred. Although petitioner submitted both a step one and a step two grievance, he failed to present his instant habeas grounds in both steps of his appeal. Specifically, petitioner did not present ground three in either of his grievances, and presented grounds one and two only in step two of the grievance appeal process. Thus, petitioner utilized prison grievance procedures, but failed to present properly all of his claims throughout the grievance process. Petitioner further fails to allege and show any exceptional circumstances rendering the prison grievance process ineffective in protecting his constitutional rights. *See*, *e.g.*, *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Accordingly, petitioner's claims for federal habeas relief are unexhausted and procedurally barred from consideration by this Court.

Nevertheless, the Court will address petitioner's habeas grounds, as petitioner is not entitled to habeas relief in this case.

*Habeas Claims*

Applicable federal statutory law limits federal habeas relief to only those claims that involve violations of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). All citizens enjoy some constitutionally guaranteed rights; however, prisoners who are lawfully incarcerated lose many of the rights and privileges enjoyed by ordinary citizens. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

A state may create liberty interests which are protected by the due process clause of the federal constitution. *Id.* at 483-84. These state-created liberty interests "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). "The Due Process Clause does not protect every change in conditions of confinement which has a substantial adverse effect upon a prisoner." *Id.*

As shown below, none of petitioner's punishments assessed for his disciplinary conviction gives rise to a protected liberty interest, and habeas relief is unwarranted.

A.   *Loss of Commissary Privileges*

Petitioner was assessed a forty-five day loss of commissary privileges. Such a punishment does not impose an atypical or significant hardship on petitioner beyond the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. Commissary restrictions are simply changes in conditions of confinement and do not implicate due process concerns. *Madison*, 104 F.3d at 768. Accordingly, no basis for habeas relief is shown.

B.     *Cell Restrictions*

Petitioner was assessed forty-five days of cell restriction. Cell restrictions also are simply changes in conditions of confinement and do not implicate due process concerns. *Madison*, 104 F.3d at 768. Accordingly, no basis for habeas relief is shown.

C.     *Solitary Confinement*

Petitioner was assessed fifteen days of solitary confinement. A penalty of solitary confinement affects the quality, but not the quantity, of time served by a prisoner. *Madison*, 104 F.3d at 767. As with petitioner's other punishments, his solitary confinement does not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. *See Sandin*, 515 U.S. at 486-87. Accordingly, no basis for habeas relief is shown.

D.     *Reduction in Line Class*

Petitioner was assessed a reduction in line class, which affects his earning of future good time credit. However, "[t]he Constitution does not guarantee good time credit for satisfactory behavior while in prison." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Texas state law provides that the earning of good conduct time is a privilege and not a right. *Id.* at 958. "Assignment to a particular time-earning status depends on a wide variety of factors, including how long an inmate has been in the Texas prison system, his disciplinary record, his participation in education and work activities and the Texas good-conduct laws in effect on his offense date." *Id.* at 959. A reduction in line class is too speculative to

5

afford the petitioner a constitutionally cognizable claim because release from prison rests on a number of considerations, not simply a prisoner's line classification. *Id.* Accordingly, no basis for habeas relief is shown.

      E.     *Loss of Accrued Good Time Credit*

Petitioner was assessed a loss of 730 days good time credit. In Texas, good conduct time applies only to an offender's eligibility for parole or mandatory supervision release. *See*, *e.g.*, *Parks v. Perry*, 273 F. App'x. 366, 366 (5th Cir. 2008). Petitioner does not dispute respondent's assertion that, due to the nature of his underlying conviction, he is not eligible for mandatory supervised release. Therefore, petitioner has a protected liberty interest in his accrued good time credits only if Texas state prisoners enjoy a protected liberty interest in obtaining parole. *See Malchi*, 211 F.3d. at 958-59. Applicable Texas state parole statutes, however, confer no such liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Accordingly, no basis for habeas relief is shown.

## *Conclusion*

Petitioner has no protected liberty interest arising from his disciplinary conviction, and respondent's motion for summary judgment (Docket Entry No. 17) is GRANTED. The petition for habeas relief is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on June 24, 2009.

_____
Gray H. Miller
United States District Judge